```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RANDALL FREEMAN, | CIVIL ACTION NO. 07-1227 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| PATRICIA A. PHILLIPS EDENS, et al., | |
| Defendants. | |

**THE PLAINTIFF PRO SE** applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application") in this action brought against approximately twenty defendants, including (1) Patricia A. Phillips Edens, who apparently brought an action against the plaintiff in state court for an award of child support, (2) state court judges, and (3) hearing officers. (Dkt. entry no. 1, App. & Compl.) The Court will address the Application first. See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## APPLICATION

The plaintiff states that he is unemployed, and receives $623 monthly in disability benefits. (App.) However, he fails to advise whether he has any checking or savings accounts, or if he owns automobiles, real estate, securities, stocks, bonds, or any other thing of value.

The Court will deny the Application. The plaintiff fails to show entitlement to in-forma-pauperis relief, as the Application

is incomplete.  See Spence v. Cmty. Life Improv., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003).  It is the plaintiff's burden to "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for in forma pauperis status."  Thompson v. Pisano, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006) (dismissing appeal from order denying in-forma-pauperis application).  The plaintiff is not entitled to relief merely because he brings this action pro se and has expenses.  See Schneller v. Crozer Chester Med. Ctr., 201 Fed.Appx. 862, 862 (3d Cir. 2006) (dismissing appeal from order denying motion for in-forma-pauperis relief).  If the plaintiff applies again for in-forma-pauperis relief, he should state whether he has any checking or savings accounts, or if he owns automobiles, real estate, or anything of value.

**COMPLAINT**

The Court may (1) review the complaint, and (2) direct sua sponte that it not be filed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of

2

the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not credit bald assertions or legal conclusions.  Id.  A complaint is frivolous if it lacks an arguable basis in law or fact, or contains "inarguable legal conclusion[s]" or "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989).

The plaintiff alleges:

I am filing in Federal Court on the grounds that my Constitutional Rights/Mental Health Rights/Rights of a Father/Rights of my Race/FALSE IMPRISONMENT/DEFAMATION OF CHARACTER/SLANDER/TARNISH CREDIT REPORT/RIGHT LIFE/LIBERTY/AND THE PURSUIT OF HAPPINESS HAVE BEEN VIOLATED AND CONTINUES TO BE SO, I WAS HELD AT THE MERCER COUNTY CORRECTIONAL FACILITY, PENDING EXTRADITION TO THE COMMON WEALTH OF PENNSYLVANIA TO ANSWER CHARGES;

1. THIS CASE INVOLVES A CHILD SUPPORT WHEREBY I AM THE DEFENDANT IN THE MATTER, **CASE NAME, PATRICIA A. PHILLIPS V. RANDALL FREEMAN DOCKET NO. MERCER COUNTY. FD-11-000881-98H**
2. AND **BUCKS COUNTY DOCKET NO. 200361322 PACSES CASE NUMBER 926105460**

I HAVE BEEN IN AND OUT COURT FILING MODIFICATION TO REDUCE THIS PAYMENT, SINCE I BELIEVE TO BE SEPTEMBER 24, 1998.
MS. PATRICIA EDENS WAS AWARDED $156.00 WEEKLY CHILD SUPPORT AND 30.00 ARREARAGES, AMOUNT BY DEFAULT JUDGEMENT, I WAS INCARCERATED — IN ADDITION I WAS NOT PROPERLY SERVED PAPERS IN THIS MATTER AND JUDGE AWARDED BY DEFAULT JUDGEMENT —

APRIL 20, 1999 — I WAS INCARCERATED, AND WAS TOLD TO COME TO COURT, WAS ORDERED TO PAY ___ AMOUNT BY HONORABLE JUDGE — EXPLAIN TO JUDGE

3

I HAVE TWO OTHER CHILDREN THAT WAS AWARDED IN CASE MARY CAIN V. RANDALL FREEMAN CS 41053175S JUDGE FORRESTER AWARDER THIS CASE 16.00 WEEKLY AND 5.00 ARREARAGE ON MARCH 14, 2003 THIS IS AN EXTREMELY UNUSUAL AMOUNT IN THE DIFFERENCE AS MY OTHER CHILD NANCY LEARY WAS AWARDED 35.00 WEEKLY AMOUNT FOR ARREARAGE NO CHILD SUPPORT DUE TO HER.  CS40103210A JUDGE FORRESTER ALSO PRESIDED OVER THIS CASE THE SAME DAY MARCH 14, 2003 SEE EXHIBITS: \_\_\_

MY RIGHTS WAS NOT ADVISED UNTO ME

IN 2003, I FILED FOR MODIFICATION OF SUPPORT, PETITION WAS DISMISSED WITH PREJUDICE AND JUDGE COUNCIL TO USE PARENTS LOCATOR, IN ADDITION TO PRESERVE THIS DATE — PLAINTIFF DID NOT COME TO COURT IN THIS MATTER.  SEE EXHIBITS \_\_\_\_\_

NEW JERSEY ADVISE THEY ARE UNABLE TO LOCATED DEFENDANT EVEN THOUGH THEY ARE SENDING PAYMENTS TO PA.  NEVER ADVISED WHAT TO DO.  OR MY RIGHTS FOR REPRESENTATION.

SEE EXHIBIT \_\_\_\_\_

FILED MODIFICATION AGAIN AND TOLD NEW JERSEY TO SERVE PA. CHILD SUPPORT.

PA. SCHEDULE COURT CASES, AGAINST ME, WHILE I ALSO HAD COURT CASES IN NEW JERSEY ON THE SAME MATTER

PA REPORT TO THE CREDIT BUREAUS UNABLE TO GET CREDIT DUE TO THE LARGE AMOUNT OF CHILD SUPPORT REFLECTING ON ALL 3 CREDIT REPORTS.

NEW JERSEY RELINQUINSHES JURISDICTION

PA RELINQUISHES JURISDICTION AFTER THEY ISSUED A BENCH WARRANT AMD I HAD ALREADY PROVIDED THE NEW ADDRESS FOR PLAINTIFF AND THE DEFENDANT AS NEW JERSEY ADDRESS AS WELL AS A DOCTOR'S NOTE STATING THAT I WAS IN THE HOSPITAL, PA WOULD NOT VACATE WARRANT, WOULD NOT RELEASE JURISDICTION EVEN THOUGH NO PARTY LIVED IN THE COMMON WEALTHL OF PENNSYLVANIA.  I WAS ARRESTED, PUT IN JAIL, DETAINED, HELD AGAINST MY WILL, VIOLATIONS OF MY CONSITUTIONAL RIGHTS MENTAL HEALTH, DENIED MY MEDICATION WHILE INCARCERATED AND THEN LATER GIVEN A MEDICINE THAT WAS TOTALLY DIFFERENT THAN WHAT MY PRIMARY HAD PRESCRIBED.

IN ORDER TO BE RELEASED I HAD TO BE TRANSFERRED TO BUCKS COUNTY FROM MERCER COUNTY, SCHEDULED FOR A COURT AND WAS INSTRUCTED TO FILED FOR A MODIFICATION AT WHICH TIME I WAS RELEASED FROM BUCKS COUNTY CORRECTION FILED PAPERS IN BUCKS COUNTY, WAITED FOR NEW COURT DATE IN DOYLESTOWN, PA.  ON January 23, 2007 JUDGE DEVLIN SCOTT ANSWER TO MY MOTION FOR MODIFICATION WAS TO NOW ASCERT THAT BUCKS COUNTY PENNSYLVANIA, TO CLOSE THIS CASE AS NEITHER PARTY RESIDES IN THE COMMON WEALTH OF PENNSYLVANIA AND TRANSFER JURISDICTION BACK TO NEW JERSEY, I HAD SOMEONE SEND A LETTER TO THE HONORABLE JUDGE HECKLER IN LATE DECEMBER 2006 IN REGARDS TO THIS EXPLAINED THAT SINCE BOTH PARTIES DO NOT LIVE OR DO BUSINESS IN THE COMMON WEALTH OF PENNSYLVANIA BY LAW PENNSYLVANIA LACKS JURISDICTION, BUT AFTER HAVING ME INCARCERATED AND AWAY FROM MY FAMILY, FRIENDS FOR THE HOLIDAYS, ISSUING A BENCH WARRANT FOR MY ARREST EVEN THOUGH I WAS IN THE HOSPITAL, AND THEY HAD VERIFICATION THEY FINALLY RELEASED FROM JAIL AND RE-SCHEDULE FOR COURT APPEARANCES, AT WHICH TIME THEY NOW INFORM ME THEY LACK JURISDICTION AND NEW JERSEY DOES SAME, SO NOW I WAS INSTRUCTED TO FILE BACK IN NEW JERSEY, NEITHER STATE WANTS TO ADMIT THERE ERROR, BUT THE CASE SPEAKS FOR ITSELF, THE MISHANDLING, SHIFTING BLAME TO EACH STATE, NO ONE EXERCISING THE LAW ONLY AGAINST ME, NEVER TO PLAINTIFF, WHO UNTIL THIS DAY HAS NOT COME TO COURT NOT ONCE, SHE FILED AND HAS BLATANTLY NOT SHOWN UP FOR COURT IN THE YEARS THAT I HAVE BEEN FILING THESE MOTIONS, BUT MY CHILD SUPPORT CONTINUES TO INCREASE, AND I CONTINUE TO BE ARRESTED, MY CREDIT REFLECTS A OUTSTANDING BALANCE OF OVER $60,000.00 IN ARREARAGE, NO ONE BELIEVES THAT THIS IS AN ERROR BY TWO DIFFERENT COURTS IN TWO DIFFERENT STATES, BUT THE EVIDENCE SPEAKS TO ITSELF, I HAVE BEEN DENIED CREDIT, AND EMBARRASSED, LABEL AS A DEAD BEAT DAD.  I LOVE MY CHILDREN.  I ONLY RECEIVE $623.00 A MONTH FROM SOCIAL SECURITY AND MY CHILDREN ARE NOT ABLE TO COLLECT FROM THIS BECAUSE OF MY SICKNESS (BIPOLOR/SCHIZOAFFECTIVE/DEPRESSION) I DID NOT WORK ENOUGH CREDITS TO QUALIFY.  MY FAMILY HAS AN HISTORY OF MENTAL ILLNESS.

The Common Wealth of Pennsylvania had scheduled me to come to court on October 2, 2006 at which time I was in Hampton hospital, verification was faxed over to the

> court and received but a warrant was still issued for My arrest due to the time frame the doctors was able to give verifications and the time the court received verification, I had someone send the verification and letter advising the court but warrant was still issued. In addition I was in court on this same matter from June 2006 — December 2006 in Mercer County, Trenton, N.J.  I saved for an attorney to represent me . . . only to be told that the case was being transferred to Bucks County, Pennsylvania, and then I saved and borrowed money for an attorney . . . to represent me in Bucks County, Doylestown, Pennsylvania and was then told that it was sent back to Mercer County, Trenton, N.J.  . . . September 13, 2006 Mercer County hearing sent this case to Bucks County, Pennsylvania an ordered that no further action be taken for 90 days.  And advised Common Wealth of Pennsylvania that I am receiving Social Security Disability benefits.  But on October 2, 2006 a Warrant for my arrest was executed by the Common Wealth of Pennsylvania.
>
> Judge Council ordered the matter to be rescheduled for June 6, 2003 but then also dismissed the case without prejudice and to preserve the date, plaintiff's address unknown, when I filed for modification 2003, plaintiff Patricia Phillip Eden was living downstairs from me in Morrisville, PA. but New Jersey court said that the was unable to locate her, but was I making some payments who was New Jersey sending the payments to in the Common Wealth of Pennsylvania?  New Jersey and Pennsylvania both failed to utilize the proper channels, parent's locator, and I suffered because of this.  This is a violation of my rights, How can two States have jurisdiction over the same case, and then turn around and don't take jurisdiction of the cases for modification, but will take jurisdiction to enforce a warrant, have me incarcerated and make payments?

(Compl., at 4-8 (spelling and grammar as stated in original).) He also alleges that at some point he was not provided counsel. (<u>Id.</u> at 8.)  Most of the plaintiff's purported claims are fully reproduced here, as they defy easy summarization.  However, they

appear to be made pursuant to (1) the Court's jurisdiction under Section 1331, and (2) state law. He also annexes 50 pages of exhibits to the complaint. (Dkt. entry no. 1.)

The plaintiff demands as damages, <u>inter alia</u>, (1) $1 million for each day that he was incarcerated, (2) "that no defendants be allowed to profit from this case, namely Ms. Patricia Phillip Eden's" [sic], (3) "that all child support arrearages are retroactive and the date is preserved to the date of her initial filing", (4) visitation with his daughter, (5) $100 million for violations of various state and federal laws, (6) "that all Criminal Records [and Civil Records] in this matter [be] expunged wiped clean", (7) "an apology from [Edens] for ruining my life, my relationship with daughter, for knowingly filing a claim for child support and blatantly refusing to come to court even with two different court orders her to do so", and (8) "that all charges against me be dismissed and that I be recognized as a FREE MAN cleared of all charges". (<u>Id.</u> at 8-9.)

**COMPLAINT WILL NOT BE FILED**

**I.   Federal Rules of Civil Procedure 8 & 10**

The Federal Rules of Civil Procedure ("Rules") require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a),(e). Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement

7

of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation. But the complaint here presents a "dense thicket" of "incomprehensible" assertions. Eisenstein v. Ebsworth, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, inter alia, violating Rule 8); Doumit v. Coldwell Banker Realtors, 135 Fed.Appx. 543, 544 (3d Cir. 2005) (affirming order dismissing pro se complaint). Indeed, there are no allegations directed at most of the defendants listed in the caption.

There may be a claim within the complaint that has merit, e.g., an apparent allegation that the plaintiff was denied medication at some point, but he fails to give "fair notice of what [his] claim is and the grounds upon which it rests," and thus comply with minimum pleading standards. Conley v. Gibson, 355 U.S. 41, 47 (1957).

**II.  Malicious**

It appears that the plaintiff's intentions are to "target[] . . . those who had presided over, or were otherwise involved, in his criminal or civil proceedings or their outcomes," and thus such "allegations, made to retaliate against and harass defendants, [a]re malicious." Concepcion v. Resnik, 143 Fed.Appx. 422, 426 (3d Cir. 2005) (affirming judgment dismissing complaint), cert. denied, 546 U.S. 1209 (2006).

8

**III. Rule 20(a)**

The plaintiff has joined approximately twenty defendants and raised a hodgepodge of claims spanning a period of years.  These claims — to the extent they are cognizable — do not appear to (1) arise out of the same series of transactions or occurrences, or (2) involve a question of law or fact common to all of the defendants.  Thus, the complaint is in violation of Rule 20(a), which concerns the permissive joinder of parties.  See Fed.R.Civ.P. 20(a); Carpenter v. Pa. State Univ., 206 Fed.Appx. 120, 121 (3d Cir. 2006) (dismissing appeal from order dismissing pro se complaint).

**IV.   Immunity**

The complaint insofar as asserted against various judges — to the extent it states cognizable claims — is barred under the absolute-immunity doctrine, as the alleged conduct concerns judicial acts.  Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

The claims asserted against court staff, hearing officers, and various state courts themselves — to the extent that any claims are cognizable — are barred under either the absolute-immunity doctrine or the quasi-judicial immunity doctrine.  See

Carroway v. N.J., 202 Fed.Appx. 564, 565-66 (3d Cir. 2006); Denston v. Chapman, 200 Fed.Appx. 151, 152 (3d Cir. 2006); Lepre v. Tolerico, 156 Fed.Appx. 522, 524-25 (3d Cir. 2005), cert. denied, 127 S.Ct. 558 (2006).

**V.   Younger Abstention**

The Court should abstain from exercising jurisdiction here under the Younger abstention doctrine.  The child support proceedings at issue — given their nature — (1) may be ongoing, (2) implicate important state interests, and (3) present an adequate opportunity to raise federal claims therein.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); Anthony v. Council, 316 F.3d 412, 418-21 (3d Cir. 2003) (concerning action brought by persons subject to state child support orders).[1]

**VI.  Rooker-Feldman Doctrine**

The Court lacks jurisdiction here under the Rooker-Feldman doctrine as to any claims concerning determinations made in state court, as those claims were — or could have been — raised in the state actions, from which the plaintiff should have sought review through the state appellate process and, if warranted, certiorari to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263

---

[1]   The Court notes that some of the defendants named in Anthony are listed by the plaintiff here.

10

U.S. 413, 414-16 (1923). A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal right." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). Thus:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling. Stated another way, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders.

McAllister v. Allegheny County Family Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (quotes and cites omitted); see Kliesh v. Bucks County Dom. Rel., No. 04-4714, slip op. at 2 (3d Cir. Oct. 27, 2005) (affirming order dismissing complaint, as "Rooker-Feldman doctrine bars the review of a state court child support order"), cert. denied, 126 S.Ct. 2863 (2006).

**VII. Domestic Relations**

The plaintiff "plainly seeks to void or overturn adverse rulings entered in the [child support] litigation by the [state courts]." McAllister, 128 Fed.Appx. at 902. This Court lacks jurisdiction over a domestic relations matter, such as this one, involving child support. Ankenbrandt v. Richards, 504 U.S. 689, 702-04 (1992); see Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has no jurisdiction over

11

domestic relations matter even when complaint drafted in tort, contract, "or even under the federal constitution"); Donohue v. Pataki, 28 Fed.Appx. 59, 61 (2d Cir. 2002) (stating federal district court lacks jurisdiction to invalidate or review state court decision on child support payment).  Thus, it appears that the relevant claims should be dismissed under the domestic relations exception to federal jurisdiction.

**VIII. Expungement**

The Court is able to discern a claim seeking the expungement of the underlying criminal and civil records.  (Compl., at 8.) However, a litigant in federal court has no constitutional right to have allegedly inaccurate state court records expunged. Tillio v. Radnor Police, No. 06-4511, 2007 WL 1705628, at *2 (3d Cir. June 14, 2007).

**IX.  Claims Under State Law**

The plaintiff may bring his claims in state court insofar as they may be construed to be under state law.  See 28 U.S.C. § 1367(c)(3); see also 28 U.S.C. § 1367(d) (permitting thirty days to recommence state-law claim in state court).

**CONCLUSION**

The Court will (1) deny the Application, and (2) direct the Clerk of the Court to not file the complaint, as it is frivolous, malicious, fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from

such relief.  28 U.S.C. § 1915(e)(2)(B).  The plaintiff, if he moves for reconsideration, must address all of the Court's concerns in an amended Application and an amended complaint.  The Court will issue an appropriate order and judgment.

                                                                   s/ Mary L. Cooper
                                                                  **MARY L. COOPER**
                                                                  United States District Judge